IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS D. BROWN, Jr.,** | : | Civil Action No. 1:12-cv-1381 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **VERIZON PENNSYLVANIA, INC.,** | : | |
| Defendant | : | |
| | : | |

## ORDER

AND NOW, this 17th day of October, 2012, upon consideration of defendant Verizon Pennsylvania, Inc.'s ("Verizon") motion (Doc. 4) to dismiss for failure to effect proper service of process, and plaintiff Louis D. Brown, Jr.'s ("Brown") response thereto (Doc. 9), and the court recognizing that Brown initiated this action in the Dauphin County Court of Common Pleas by filing a writ of summons on October, 13, 2010, which writ was served by the sheriff pursuant to Pennsylvania Rule of Civil Procedure 400 (a), and the court noting that Brown subsequently filed a complaint on June 15, 2012, in the Dauphin County Court of Common Pleas[1] which complaint Brown mailed to counsel for Verizon on June 28, 2012, and the court observing that,

---

[1] Verizon removed this case to federal court on July 17, 2012 (Doc. 1). Federal Rule of Civil Procedure 4(e)(1) states that "an individual . . . may be served in a judicial district of the United States by [] following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. Pro. 4(e)(1). In the instant case, the writ of summons was issued and the complaint filed before this action was removed; therefore, the court will analyze the applicable state law governing service of process.

> If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process[,]

Pa. R. Civ. Pro. 401(b)(5), but the court also noting that, "[a] reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed in subdivision (a) of this rule[,]" Pa. R. Civ. Pro. 402(b)(4), which provides "[o]riginal process must be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint[,]" Pa. R. Civ. Pro. 402(a), and the court concluding that uncertified mail is not a proper form of service under either state or federal law, see Pa. R. Civ. Pro. 403 (*if* original process is authorized by mail, it must be by a form of mail requiring a signed receipt by the defendant) (emphasis supplied); Fed. R. Civ. Pro. 4 (not authorizing service by mail), therefore, it is hereby ORDERED, the motion (Doc. 4) to dismiss for improper service is GRANTED.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge